IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

TERESA MAGUIRE,              )
                                  )
       Plaintiff,          )
                                    )     CIVIL ACTION
vs.                           )
                                  )     FILE No. 5:19-cv-259
LEON SPRINGS ASSOCIATES, LLC,  )
                                  )
       Defendant.      )

## COMPLAINT

COMES NOW, TERESA MAGUIRE, by and through the undersigned counsel, and files this, her Complaint against Defendant LEON SPRINGS ASSOCIATES, LLC, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").  In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.    This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.    Plaintiff TERESA MAGUIRE (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in San Antonio, Texas (Bexar County).

3.      Plaintiff is disabled as defined by the ADA.

4.      Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights, monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.  Her motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others, and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this Property, including returning to the Property as soon as it is accessible ("Advocacy Purposes")."

7.      Defendant LEON SPRINGS ASSOCIATES, LLC (hereinafter "Leon") is a Texas limited liability corporation that transacts business in the state of Texas and within this judicial district.

8.      Leon may be properly served with process via its registered agent for service, to wit: Daniel Jacob, Jr., 9211 Lookout Mesa, San Antonio, Texas 78255.

## FACTUAL ALLEGATIONS

9.      In or around February 2019, Plaintiff was a customer at "Family Dollar," a business located at 4400 Fredericksburg Road, Suite 101, San Antonio, Texas 78201.

2

10.     Leon is the owner or co-owner of the real property and improvements that are the subject of this action. (The contiguous structures and improvements situated upon said real property shall be referenced herein as the "Family Dollar," and said real property shall be referenced herein as the "Property").

11.     Plaintiff lives a little over 20 miles from the Family Dollar and Property and visits the area multiple times weekly to visit friends and family and, more specifically, her fiancé who lives approximately 7 miles from the property.

12.     Plaintiff's access to the business(es) located at 4400 Fredericksburg Road, San Antonio, Texas 78201, Bexar County Property ID number 342171 (of which 4400 Fredericksburg Road is a part), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and she will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Family Dollar and Property, including those set forth in this Complaint.

13.     Plaintiff has visited the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and the Property is accessible again.  The purpose of the revisit is to be a regular customer, to determine if and when the Property are made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

14.     Plaintiff intends to revisit the Family Dollar and Property to purchase goods

3

and/or services.

15.    Plaintiff travelled to the Family Dollar and Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at the Family Dollar and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Family Dollar and Property.

### COUNT I
### VIOLATIONS OF THE ADA AND ADAAG

16.    On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.*

17.    Congress found, among other things, that:

(i)    some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)   historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)  discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)   individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to

lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

18.   Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

* * * * *

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

19.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

20.   The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

21.   The Family Dollar is a public accommodation and service establishment.

22.   The Property is a public accommodation and service establishment.

23.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

24.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

25.     The Family Dollar must be, but is not, in compliance with the ADA and ADAAG.

26.     The Property must be, but is not, in compliance with the ADA and ADAAG.

27.      Plaintiff has attempted to, and has to the extent possible, accessed the Family Dollar and the Property in her capacity as a customer of the Family Dollar and Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Family Dollar and Property that preclude and/or limit her access to the Family Dollar and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28.     Plaintiff intends to visit the Family Dollar and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Family Dollar and Property and as an independent advocate for the disabled, but will be unable to fully

do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Family Dollar and Property that preclude and/or limit her access to the Family Dollar and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29.    Defendant has discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Family Dollar and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

30.    Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Family Garden and Property, including those specifically set forth herein, and make the Family Dollar and Property accessible to and usable by Plaintiff and other persons with disabilities.

31.    A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Family Dollar and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Family Dollar and Property include, but are not limited to:

**(a)    ACCESSIBLE ELEMENTS:**

(i) Accessible parking space near Unit 122 has a slope in excess of 1:48 in violation of section 502.4 of the 2010 ADAAG standards and is not level. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ii) The access aisle adjacent to the accessible parking space near Unit 122 has a slope well in excess of 1:48 in violation of section 502.4 of the 2010 ADAAG standards and are not level. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iii) The access aisle to the accessible parking space near Unit 122 is not level due to the presence of an accessible ramp in the access aisle in violation of section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iv) The access aisle near Unit 122 has excessive vertical rise and is in violation of section 303.2 and 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(v) The accessible ramp near Unit 122 lacks finished edges or edge protection and/or is otherwise in violation of section 405.9 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(vi)   The Property has an accessible ramp leading from the accessible parking space near Unit 122 to the accessible entrances with a surface slope exceeding 1:12 in violation of section 405.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(vii)   Due to a column which decreases the clear access route for the exterior to less than 18 inches between Units 118 and 122, the Property lacks an accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property in violation of section 206.2.2 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access public features of the Property.

(viii)   Due to a column which decreases the clear access route for the exterior to less than 18 inches between Units 118 and 122, this is a violation of section 403.5.1 of the 2010 ADAAG standards.  This violation made it difficult and dangerous for Plaintiff to access all the publicly accessible units on the Property.

(ix)   There are two accessible parking spaces near Unit 118 that are missing proper identification signs in violation of section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(x) The ground surfaces of the accessible parking spaces and access aisle near Unit 118 have vertical rises in excess of ¼ (one quarter) inch in height, are not

stable or slip resistant, have broken or unstable surfaces or otherwise fail to comply with Section 302, 303 and 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(xi)    There is an excessive vertical rise at the base of the accessible ramp near Unit 118 in violation of Section 303.2 and 405.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access public features of the Property.

(xii)   There is an excessive vertical rise at the base of the accessible ramp near Unit 114 in violation of Section 303.2 and 405.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access public features of the Property.

(xiii)  Accessible parking space and associated access aisle near Unit 114 have a slope in excess of 1:48 in violation of section 502.4 of the 2010 ADAAG standards and are not level. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xiv)  The accessible parking space near Planet Fitness is missing a proper identification sign in violation of section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(xv)   Accessible parking space near Planet Fitness has a slope in excess of 1:48 in violation of section 502.4 of the 2010 ADAAG standards and is not level.

This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xvi)   There is an access aisle near Planet Fitness that has excessive vertical rise and is in violation of section 303.2 and 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xvii)  Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

32.     The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Family Dollar and Property.

33.     Plaintiff requires an inspection of Family Dollar and Property in order to determine all of the discriminatory conditions present at the Family Dollar and Property in violation of the ADA.

34.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

35.      All of the violations alleged herein are readily achievable to modify to bring the Family Dollar and Property into compliance with the ADA.

36.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Family Dollar and Property is readily achievable

because the nature and cost of the modifications are relatively low.

37.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Family Dollar and Property is readily achievable because Defendant has the financial resources to make the necessary modifications.

38.     Upon information and good faith belief, the Family Dollar and Property have been altered since 2010.

39.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

40.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Family Dollar and Property, including those alleged herein.

41.     Plaintiff's requested relief serves the public interest.

42.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

43.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants pursuant to 42 U.S.C. §§ 12188 and 12205.

44.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant to modify the Family Dollar and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find LEON SPRINGS ASSOCIAES, LLC.in violation of the

        ADA and ADAAG;

(b)     That the Court issue a permanent injunction enjoining Defendant from

        continuing their discriminatory practices;

(c)     That the Court issue an Order requiring Defendant to (i) remove the

        physical barriers to access and (ii) alter the subject Family Dollar to make it

        readily accessible to and useable by individuals with disabilities to the

        extent required by the ADA;

(d)     That the Court award Plaintiff her reasonable attorneys' fees, litigation

        expenses and costs; and

(e)     That the Court grant such further relief as deemed just and equitable in light

        of the circumstances.

                            Dated: March 15, 2019.

                            Respectfully submitted,

                            /s/Dennis R. Kurz
                            Dennis R. Kurz
                            *Attorney-in-Charge for Plaintiff*
                            Texas State Bar ID No. 24068183
                            Kurz Law Group, LLC
                            1640 Powers Ferry Road, SE
                            Building 17, Suite 200
                            Marietta, GA 30067
                            (404) 805-2494 Phone
                            (770) 428-5356 Facsimile
                            dennis@kurzlawgroup.com